IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE PAPIR, A/S, a Danish Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID MOSTNY, an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/<br>DAVID MOSTNY, individually and EURO WRAP, LTD.<br><br>    Counter-claimants,<br><br>  v.<br><br>WINNIE PAPIR, A/S and ROES 1 through 10, inclusive,<br><br>    Counter-defendants.<br>_____/ | No. C 05-01194 WHA<br><br>**ORDER STAYING ACTION** |

### INTRODUCTION

In this diversity action alleging breach of promissory note, plaintiff and counter-defendant Winnie Papir, A/S moves to dismiss, strike, or stay four counterclaims of defendant and counter-claimant David Mostny, individually and Euro Wrap, Ltd. (hereinafter collectively "Mostny"). This order **STAYS** the action pending adjudication of the action in Denmark and the appeal of the prior litigation currently before the Ninth Circuit.

**STATEMENT**

**1.     THE PARTIES AND THEIR BUSINESS AGREEMENTS.**

Winnie Papir is a Danish corporation that manufactures and sells wrapping paper products to markets worldwide. Winnie Papir is incorporated under the laws of Denmark and has its principal place of business in Ringsted, Denmark.

Mostny is an individual who operates as Euro Wrap, Ltd. Euro Wrap is a California corporation, incorporated in 2000, that represents gift wrap manufacturers and sells their products throughout the United States, Canada, and South America. Formerly located in San Francisco, Euro Wrap's principal place of business is currently in Woodside, California.

On November 24, 1999, Winnie Papir and Mostny entered into a written agency agreement whereby Mostny agreed to serve as Winnie Papir's agent in the United States, Canada, Mexico, and the Carribean Islands (Foreman Exh. 1). The agency agreement was prepared by Winnie Papir, negotiated by the parties in San Francisco, and signed by them in Denmark. Paragraph 22 provided: "The construction, validity and performance of this agreement is governed by the laws of Denmark and the parties accept the jurisdiction of the Danish Courts."

Subsequently, on May 7, 2002 in Denmark, Mostny signed a letter of intent and a promissory note for $600,000 (Foreman Exh. 1). Paragraph 11 of the letter of intent, which was prepared by Winnie Papir, provided: "This Letter of Intent shall be kept confidential by the parties and governed by California law." The promissory note likewise provided: "This note shall be governed and construed in accordance with the laws of California."

Winnie Papir maintains that the intent of the parties in signing the promissory note was to encompass and account for the debt Mostny owed Winnie Papir. Winnie Papir further asserts that neither the letter of intent nor the promissory note superceded or incorporated the original 1999 agency agreement. In contrast, Mostny contends that the intent of the parties in signing the letter of intent and promissory note was to change the forum from Denmark to California. Moreover, Mostny asserts that the promissory note was based on Winnie Papir's representation

1  that it would purchase 55% of Euro Wrap, which Winnie Papir and Mostny would then run as a
2  joint venture.
3        On June 26, 2002, pursuant to paragraph 9.1 of the 1999 agency agreement, Winnie
4  Papir provided Mostny with six-months written notice of its intent to terminate the agency
5  agreement.  Winnie Papir terminated the agency agreement on December 31, 2002.

6      **2.**    **PROCEDURAL HISTORY.**
7          **A.**    **2003 Action Before the Northern District of California.**
8        On February 4, 2003, Mostny filed a complaint against Winnie Papir in the United
9  States District Court for the Northern District of California, Case No. C 03-0509 MEJ.  Mostny
10 alleged, *inter alia*, breach of the 1999 agency agreement and rescission of the May 2002
11 promissory note.  On July 31, 2003, Winnie Papir filed a notice of motion to dismiss the
12 complaint for improper venue, or in the alternative, *forum non conveniens*.  On December 10,
13 2003, Judge Maria-Elena James granted Winnie Papir's motion to dismiss for improper venue.
14 The order transferred jurisdiction of all claims arising under the agency agreement to the
15 Danish court (Pearce Exh. B at 12).[*]

16         **B.**    **Ninth Circuit Appeal.**
17       On January 7, 2004, Mostny appealed Judge James' order dismissing the case for
18 improper venue.  The appeal is currently pending in the Ninth Circuit, Docket No. 04-15119.

19         **C.**    **Denmark Action.**
20       As the previous litigation moved forward in the United States District Court for the
21 Northern District of California, on May 2, 2003 Winnie Papir instituted legal proceedings
22 against Mostny before the Danish Maritime and Commercial Court, Case No. H-0046-03.
23 Winnie Papir's claim form alleged that Mostny owed Winnie Papir $1,265,974.42.  Papir
24 contended, *inter alia*, that Mostny held an outstanding account with Winnie Papir and owed a
25 guarantee obligation of $600,000 (Foreman Exh. 9).
26       The Denmark action is set for trial on August 30, 2005.  Mostny contends that Winnie
27 Papir is attempting to collect $600,000 from Mostny based on the promissory note, whereas

---

[*] So far Judge James has not related this action.

Winnie Papir maintains that it is not seeking recovery on the promissory note in that action (Opp. 6; Br. 3).

### D. Present Action.

On March 23, 2005, Winnie Papir filed a complaint in the above-captioned action against Mostny for breach of the May 2002 promissory note. Paragraph 5 of the complaint contends that the Northern District of California is the proper venue. Paragraph 12 of the complaint alleges that Mostny has failed to pay the promissory note's principal sum of $600,000 with interest.

Mostny filed a counterclaim for damages and rescission of the promissory note on April 18, 2005. Specifically, Mostny alleges four claims: (1) breach of the 1999 agency agreement; (2) breach of the Independent Wholesales Sales Representative Contractual Relations Act of 1990; (3) rescission of the May 2002 promissory note; and (4) fraud by concealment.

On May 9, 2005, Winnie Papir filed the instant motion to dismiss or strike Mostny's counterclaims, or in the alternative, to stay the counterclaims (hereinafter "motion to dismiss"). Specifically, Winnie Papir moves to: (1) dismiss or strike all of Mostny's counterclaims on the grounds of collateral estoppel; or (2) dismiss Mostny's third and fourth counterclaims based on a failure to allege fraud with particularity; or (3) stay all of the counterclaims until Mostny's appeal to the Ninth Circuit of the December 2003 order is resolved and/or the Denmark action is final.

## ANALYSIS

The key issue presented is whether to stay this case pending the outcome of the other two proceedings.

Due to the uncertainty of which issues the Danish court will adjudicate and how the Ninth Circuit will rule on Mostny's appeal, the most prudent course of action is to stay the case. Both parties agree that Judge James transferred jurisdiction of all claims arising under the agency agreement to the Danish court (Pearce Exh. B at 12). The parties disagree, however, on whether Judge James' order therefore transferred jurisdiction to Denmark to render a decision

4

on issues arising from the promissory note in addition to the agency agreement. The parties further dispute whether Winnie Papir has alleged claims arising from the promissory note even if the Danish court has jurisdiction over that subject matter (Br. 3; Opp. 6).

*   *   *

To address the arguments on the merits, collateral estoppel, or issue preclusion, does not yet apply in the instant case. To foreclose relitigation of an issue under collateral estoppel, three criteria must be met: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

Winnie Papir has not met the requirements for collateral estoppel. Mostny's first three counterclaims are practically identical to those claims he alleged against Winnie Papir in the 2003 action (Pearce Exh. A). These issues, however, have not actually been litigated in the sense that no substantive decision has been reached on the merits. In the December 2003 order, Judge James dismissed the case for improper venue without ruling on the merits (Pearce Exh. B).

When the Danish court renders a decision following the August 2005 trial, this Court may recognize *vel non* the foreign court's judgment based on principles of comity. The Supreme Court has defined comity as "neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895). Within certain parameters, the extension or denial of comity rests within the district court's discretion. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000); *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 948 (C.D. Cal. 1997). The Danish court will adjudicate some

(if not all) of Mostny's counterclaims. Until a decision is rendered, however, this order declines to dismiss or strike Mostny's counterclaims on grounds of collateral estoppel.

\* \* \*

Under FRCP 9(b), fraud-based claims must be pled with "particularity." Thus, "[a]verments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged" to give defendants notice of the particular conduct they must defend. Furthermore, the complaint must set forth what is false or misleading about a statement and why it is false — not merely the neutral facts identifying the transaction. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

Failure to allege fraud with particularity pursuant to Rule 9(b) does not apply here. Winnie Papir moves to dismiss Mostny's third and fourth counterclaims for failure to allege fraud with particularity. To the contrary, this order finds that Mostny met his Rule 9(b) burden. Mostny pleads with sufficient detail why he alleges Winnie Papir engaged in fraudulent misrepresentations.

Nonetheless, Mostny's third and fourth counterclaims may become moot. It is unclear whether the subject matter covered in these counterclaims and the promissory note dispute are part of the litigation pending in Denmark. While Winnie Papir argues that it is entitled to pursue the above-captioned action before this Court because the Danish court is focusing exclusively on the agency agreement, Mostny insists that the Danish court will rule on both issues, as Magistrate Judge James transferred *all* of the contract claims from the previous litigation (No. C 03-0509 MEJ) to that forum. Pending the outcome of the Danish action, this order thus declines to dismiss Mostny's third and fourth counterclaims at this time.

\* \* \*

District courts have broad discretion in deciding whether to grant a stay or dismiss a case when another court is considering a similar case. The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). At this point, the most prudent course of action is to stay

United States District Court

For the Northern District of California

1  the entire case. The parties have indicated that the Danish court is likely to render a decision in
2  August 2005. In the meantime, Winnie Papir's motion to dismiss or strike is **DENIED** without
3  prejudice. Indeed, should the Danish court rule that rescission of the promissory note is proper,
4  this entire action will be subject to dismissal because res judicata will bar any further
5  consideration of this set of facts. Accordingly, a **STAY** is proper.

## CONCLUSION

7  For the reasons stated above, pending the Danish court ruling, this case is **STAYED**. The
8  parties are both **ORDERED** to bring to the attention of both the Danish court and the Ninth
9  Circuit the existence of the instant action and this ruling (by providing a copy of this ruling). A
10  case management conference is hereby set for September 29, 2005 at 11 AM to examine the
11  status and to decide the next step.

**IT IS SO ORDERED.**

Dated: June 20, 2005.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7